*In re* ESTATE OF LILLIAN A. SCHAUB, Deceased.

Fifth District    No. 5—87—0604

Opinion filed February 28, 1989.

William R. Pearcy, of Green, Cross & Pearcy, of Nashville, for appellant.

William C. DeMoss and Don Johnson, both of Hohlt, House, DeMoss & Johnson, of Pinckneyville, for appellees.

JUSTICE RARICK delivered the opinion of the court:

Respondent, Boy Scout Troop No. 47, Pinckneyville, Illinois (Troop 47), appeals the judgment of the circuit court of Perry County instructing petitioners, the executors and trustees (trustees) under the last will of Lillian A. Schaub, deceased, to distribute three one-hundredths of the residuary estate to Egyptian Council, Boy Scouts of America (Egyptian Council), to be held in trust for the exclusive benefit of Boy Scouts in Pinckneyville, Illinois. We affirm.

Lillian A. Schaub died December 26, 1985, in Pinckneyville, Illinois. Her last will and testament was filed January 2, 1986, and subsequently admitted to probate. On May 6, 1987, the trustees filed a petition for instructions to construe certain provisions of the will. Included among these provisions were paragraphs "Fifth" and "Sixth," which provided in part that the trustees were to receive for the use and benefit of the Boy Scouts in Pinckneyville, Illinois, three one-hundredths of the decedent's residuary estate and further: "[t]o distribute the funds, together with the income thereon, held in trust for the *** Boy Scouts in Pinckneyville, Illinois, to such persons or in such other manner as they may determine for the purpose of insuring that all of said funds shall be used for scouting in Pinckneyville and for the members of Boy Scout *** Troops in Pinckneyville." Troop 47 and Egyptian Council both responded to the petition requesting distribution be made to their respective groups. The trial court determined the charitable intent of the deceased would best be carried out by turning over the funds to Egyptian Council and therefore ordered the trustees to distribute the three one-hundredths of the residuary estate (approximately $14,000) designated for the Boy Scouts in Pinckneyville, Illinois, to Egyptian Council.

Troop 47 argues on appeal that in accordance with the language of the will distribution of the designated residuary estate should be made to it as the only local Boy Scout troop in Pinckneyville, Illinois, as opposed to Egyptian Council, which encompasses a larger geographic area and other communities. Troop 47 believes the intent of Lillian A. Schaub was to benefit and promote scouting in Pinckneyville. Therefore, according to Troop 47, distributing the funds to it would best carry out the decedent's design and purpose. We disagree.

The record reveals that gifts received by Egyptian Council desig-

nated to benefit a certain community are restricted solely to use for and by that community. Distributing the funds to Egyptian Council therefore undoubtedly would equally fulfill the provisions of Lillian A. Schaub's will. More importantly, however, the record also reveals that Egyptian Council is a not-for-profit corporation in good standing, chartered directly by the National Council, Boy Scouts of America, to administer local scouting programs. Local troops, on the other hand, are chartered only through sponsoring organizations, such as churches. When a local troop disbands, any personal property belongs to the sponsoring organization. Troop 47 has already in the recent past (on December 31, 1986) dropped its charter and rechartered on March 1, 1987, with only six boys as members. If the bequest at issue here were given directly to Troop 47 and if Troop 47 were to disband again in the near future, local scouting in Pinckneyville would receive little, if any, benefit. Moreover, turning over the funds directly to Troop 47 ignores the existence of Pinckneyville Cub Scout Pack 47. Cub Scouts are also Boy Scouts who, because of their age, happen to be participating in the Cub program of Boy Scouts of America. Cub Scout Pack 47 currently consists of 29 boys. Surely Cub Scout Pack 47 as Boy Scouts is equally deserving of Lillian A. Schaub's bequest. Distributing the funds to Egyptian Council with appropriate restrictions therefore will not only, as the trial court noted, benefit Pinckneyville scouting in general over a long period of time but also provide a continuity in the management of funds for the use of all scouts in Pinckneyville.

Troop 47 argues, however, the language of Lillian A. Schaub's will is quite plain and clear; consequently, resorting to rules of construction to determine the testator's intent is unnecessary. While this proposition of law is true (see *In re Estate of Offerman* (1987), 153 Ill. App. 3d 299, 302-03, 505 N.E.2d 413, 416; *Northern Illinois Medical Center v. Home State Bank* (1985), 136 Ill. App. 3d 129, 145, 482 N.E.2d 1085, 1097-98), we disagree with Troop 47's characterization of the language. We believe, as did the trial court, that the term "Boy Scouts" is generic in nature and thus open to interpretation. Nowhere in her will did Lillian A. Schaub refer to a specific local branch of the Boy Scouts, as occurred with other organizations such as the American Legion or the Salvation Army. The only limit was geographic—Pinckneyville—not a specific post or branch. At the time of execution of the will, several Boy Scout troops existed in Pinckneyville. If Lillian A. Schaub did not wish to benefit all scouting in Pinckneyville, she simply would have further restricted her bequest. By distributing the funds solely to Troop 47 and not even in-

cluding Cub Scout Pack 47 among the recipients, the trustees and the court would be writing in restrictions Lillian A. Schaub chose not to exercise.

■ We also do not find persuasive the reasoning of *First National Bank v. Canton Council of Campfire Girls, Inc.* (1981), 85 Ill. 2d 507, 426 N.E.2d 1198, as relied upon by Troop 47, under the circumstances before us here. Unlike the facts present in *Canton,* scout troops were active and functioning in the designated area (Pinckneyville) at the time of Lillian A. Schaub's death. Consequently, no "gift over" provisions need to be taken into account as occurred under the circumstances of the *Canton* case. Moreover, the testator in *Canton* was well aware of the existence of scouting councils as evidenced by the bequest to the Boy Scout area council while the bequest to the Girl Scouts (the one in issue) contained no such reference. More importantly, however, here there is evidence in the record that all funds distributed to the area council under Lillian A. Schaub's will can and will be limited to benefit exclusively scouting in Pinckneyville with no deductions even for administrative expenses. Apparently no such restrictions were available or considered in the *Canton* case. We therefore find ample support in the record before us for the trial court's determination in this instance. Distributing the money to Egyptian Counsel more than provides an effective method of perpetuating Lillian A. Schaub's gift to benefit Boy Scouts in Pinckneyville. See also *Hardy v. Davis* (1958), 16 Ill. App. 2d 516, 148 N.E.2d 805; *Mason v. Willis* (1945), 326 Ill. App. 481, 62 N.E.2d 135.

For the aforementioned reasons, we affirm the judgment of the circuit court of Perry County.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.